JEREMY TALCOTT
CA Bar No. 311490
Pacific Legal Foundation
1212 West Amerige Avenue
Fullerton, CA 92833-2709
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
JTalcott@pacificlegal.org

STEVEN M. SIMPSON
CA Bar No. 336430
CALEB KRUCKENBERG*
VA Bar No. 97609
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 610
Arlington, VA 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747
SSimpson@pacificlegal.org
CKruckenberg@pacificlegal.org

* *Pro Hac Vice Pending*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, <br><br> & <br><br> THE ALLIANCE FOR CONSTITUTIONAL SEX OFFENSE LAWS, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> & <br><br> MERRICK B. GARLAND, ATTORNEY GENERAL OF THE UNITED STATES, in his official capacity, <br><br> Defendants. | Case No. 5:22-cv-00855 <br><br> **MEMORANDUM OF LAW AND POINTS OF AUTHORITY IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO PROCEED USING A PSEUDONYM** |

Plaintiff John Doe moves for leave to proceed using a pseudonym, and Defendants, U.S. Department of Justice, and Attorney General Merrick B. Garland, do not object to this relief. As Mr. Doe has argued in his complaint, he was previously required to register as a sex offender, but, according to the State of California, he no longer must do so. Yet Defendants have ordered him to register once again, in a new rule. As he has argued in his complaint, Defendants' rule is unlawful—not only should he not be required to register at all, but the rule infringes on his First Amendment right to anonymous speech. Regardless of the merits of those arguments, though, if Mr. Doe is required to disclose his true name publicly, he would suffer the same harms as being required to register itself—harassment, serious harm to his reputation, and deprivation of his right to speak anonymously. Rather than force Mr. Doe to suffer those consequences as a condition of accessing the courts, this Court should allow Mr. Doe to publicly shield his true name, while providing Defendants appropriate access to that information under seal or similar protective measures.

**I. Relevant Facts**

Plaintiff, John Doe, was previously required to register as a sex offender under California (and federal) law because of a conviction for violating California Penal Code § 243.4(a). Ex. A at ¶ 5 (Decl. of John Doe). However, in 2002, his conviction was expunged, and then in 2012, he was given a certificate of rehabilitation by a California court. *Id.* at ¶ 12. He no longer must register under California law. *Id.* at ¶ 15.

Once he no longer was required to register, many of the collateral consequences he faced as a registrant went away. *Id.* at ¶ 20. He no longer faced harassment, lost work opportunities, and social exclusion. *Id*. Instead, he was welcomed in his community, including his church and his children's schools. *Id.* at ¶ 12.

According to the rule challenged in this case, however, Mr. Doe must once again register as a sex offender. *Id.* at ¶ 17. He must also provide detailed information such as "remote communication identifiers" that he might use online. *Id.* at ¶¶ 18-19.

If Mr. Doe is required to register once again, he will once again face the same consequences that attend registration—social opprobrium, harassment, and exclusion from

work, school, and Church. *Id*. at ¶ 20. In addition, because of the remote communication identifier requirement, Mr. Doe will be forced to give up his right to anonymous online speech and will be forced to forego his right to speak freely about issues of public concern because of concerns that it will lead to his identification in the public. *Id*. at ¶ 22.

Of course, if Mr. Doe is required to proceed in this case using his real name, he will suffer all of the same consequences that he might face from registering. *Id*. at ¶ 24. He will be forced to publicly identify himself as a putative sex offender, and will face the same harassment, exclusion, and loss of free speech rights. *Id.* Indeed, if he is not able to pursue this litigation under a pseudonym, he will not be able to litigate this important case at all. *Id.* at ¶ 25.

**II. Argument**

Federal Rule of Civil Procedure 10(a) provides that complaints must "include the name of all parties." However, the Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). This happens, for instance, when "nondisclosure of a party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment." *Id.* at 1067–68. Thus, a court weighs three factors: (1) the harm to the plaintiff; (2) the harm to the defendant; and (3) the public interest. *See id.*

The first factor—the potential harm to the plaintiff seeking anonymity—favors the use of a pseudonym in this case. Anonymity is appropriate, for instance, "where necessary to protect a person from injury or harassment[.]" *United States v. Doe*, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007). Likewise, a "litigant may overcome the presumption [of anonymity] by demonstrating a social interest in favor of protecting his identity." *Doe v. State of Alaska*, 122 F.3d 1070 (9th Cir. 1997) (unpublished table decision), *affirmed by* 259 F.3d 979, 983 (9th Cir. 2001), *rev'd on other grounds by Smith v. Doe*, 538 U.S. 84 (2003). And when a plaintiff is advancing a strong public "interest in resolving [a] challenge to a governmental policy," and

"disclosure will deny them the very relief they seek," anonymity is appropriate, and "the public's right of access is subordinate." *Id.* Thus, the Ninth Circuit has held that it was error for a district court to deny pseudonymous status to a group of litigants who were challenging their inclusion in a sex offender registry. *See id.* District courts have followed this same reasoning to recognize that, even without direct threats of violence or harassment, sex offender registrants have an interest in anonymity when they litigate sensitive matters like a "constitutional challenge with the potential for publicity" to a sex offender registry. *See Doe v. Cnty. of El Dorado*, No. 2:13-cv-01433-KJM, 2013 WL 6230342, at *4 (E.D. Cal. Dec. 2, 2013). No wonder then that the Federal Reporter is filled with decisions involving pseudonymous plaintiffs challenging sex offender registries. *See, e.g., Doe v. Harris*, 772 F.3d 563, 564 (9th Cir. 2014) (pseudonymous challenge to disclosure requirements for sex offense registrants).

Here, John Doe faces two distinct harms justifying proceeding under a pseudonym. First, as someone who would have to register anew as a sex offender, he faces serious reputational injury and potential harassment. *See* Ex. A at ¶ 20. As his attached declaration makes clear because he has not had to register as a sex offender for more than a decade, if he were required to register again then he would likely suffer the loss of his career, restrictions on visiting his children at school, and he fears harassment and potential violence from members of the public. *Id*.

Second, and perhaps more significantly, just as in *Doe v. State of Alaska*, this lawsuit is a constitutional challenge to his wrongful inclusion on a sex offender registry. Indeed, his claim is based on the fact that but-for the new rule he would not have to register on any sex offender registry. *See* Complaint, Count II. Moreover, he also raises a First Amendment challenge to the registration requirement that would prevent him from speaking anonymously about issues of public concern. *See id.*, Count IV. Thus, if he were required to disclose his true name publicly, "disclosure will deny [him] the very relief [he] seek[s]." *Doe v. Alaska*, 122 F.3d at 1070. He would suffer the same reputational harms and loss of anonymous speech rights just for filing the lawsuit that he seeks to stop by filing the lawsuit. Ex. A at ¶ 24. Because his "constitutional challenge with the potential for publicity" is designed to prevent a registration

requirement that unlawfully forces disclosures, both he and the public have a strong interest in not forcing him to suffer those same consequences as a condition to challenge the government action. *See Doe v. El Dorado*, 2013 WL 6230342, at *4.

The second factor, prejudice to the defendant, likewise favors the use of a pseudonym. Mr. Doe seeks only to proceed using a pseudonym in public filings. He has no objection to disclosing his true name to the parties under seal or similar protective measures. And Defendants do not object to this relief. Since this is a "purely legal" challenge that "do[es] not depend on identifying the specific plaintiffs" it is difficult to imagine any harm to the defendants from the use of a pseudonym. *Doe v. State of Alaska*, 122 F.3d at 1070.

Third, the public interest also favors anonymity. When a litigant challenges governmental action, anonymity often does not "obstruct public scrutiny of the important issues," and the public interest instead militates in favor of "seeing [the] case decided on the merits." *Advanced Textile*, 214 F.3d at 1072–73. Indeed, anonymity will "serve the public's interest in [the] lawsuit by enabling it to go forward." *Id*. at 1073. Thus, when a registrant challenges his inclusion on a registry "the public's right of access is subordinate to the interest in resolving this challenge to a governmental policy." *Doe v. State of Alaska*, 122 F.3d at 1070. "The public, as well as the plaintiffs, will benefit when the case proceeds to a resolution on the merits." *Id*. Because Mr. Doe seeks to challenge an agency rule of general applicability on statutory and constitutional grounds, the public interest is likewise best served by ensuring this case goes forward to the merits. And since Mr. Doe cannot do so using his real name in public filings without also facing many of the same harms he seeks to avoid with his rule challenge, anonymity is entirely appropriate. Ex. A at ¶ 24. Indeed, if he is denied the opportunity to proceed using a pseudonym, Mr. Doe will likely be forced to abandon his constitutional rights and the public might be denied a ruling on the merits of this case. *Id.* at ¶ 25.

**III. Conclusion**

This Court should allow Mr. Doe to proceed using a pseudonym, and be required to disclose his true identify to Defendants only under seal, pursuant to a protective order, or with other similar protective measures. Defendants do not object to this relief.

DATED: June 3, 2022

Respectfully submitted,

JEREMY TALCOTT
By s/ *Jeremy Talcott*
　　　JEREMY TALCOTT

STEVEN M. SIMPSON
By s/ *Steven M. Simpson*
　　　STEVEN M. SIMPSON

CALEB KRUCKENBERG
By s/ *Caleb Kruckenberg*
　　　CALEB KRUCKENBERG*

**Pro Hac Vice Application Forthcoming*
*Attorneys for Plaintiffs*