1  BRIAN M. BOYNTON
2  Principal Deputy Assistant Attorney General
   BRIGHAM J. BOWEN
3  Assistant Director, Federal Programs Branch
   JEREMY S.B. NEWMAN (D.C. Bar. #1024112)
4  KATHRYN L. WYER (Utah Bar #9846)
5  U.S. Department of Justice, Civil Division
   1100 L Street, N.W., Room 12014
6  Washington, DC  20005
7  Tel. (202) 532-3114/Fax (202) 616-8470
   jeremy.s.newman@usdoj.gov
8  kathryn.wyer@usdoj.gov
9  *Attorneys for the United States*

10

11              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
12

13   DOE et al.,                          NO. 5:22-CV-855-JGB-SP
14
15           Plaintiffs,                  **DEFENDANTS' NOTICE OF**
                                          **MOTION AND PARTIAL MOTION**
16        v.                              **TO DISMISS FIRST AMENDED**
                                          **COMPLAINT**
17   U.S. DEPARTMENT OF JUSTICE
     et al.,                              Hearing Date:  April 3, 2023
18                                        Hearing Time: 9:00 a.m.
19           Defendants.                  Courtroom: Riverside, Courtroom 1
20
21
22
23

24       PLEASE TAKE NOTICE that on April 3, 2023, at 9:00 a.m., or as soon

25  thereafter as counsel may be heard, defendants the United States Department of

26  Justice and Merrick B. Garland, in his official capacity as Attorney General of the

27  United States (collectively, "Defendants"), will bring the following Partial Motion

28  to Dismiss First Amended Complaint before the Honorable Jesus G. Bernal, United

States District Judge, Courtroom 1, at the United States Courthouse, 3470 Twelfth Street, Riverside, California, 92501.

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants move to dismiss the claims of Plaintiff John Doe #1 for lack of subject-matter jurisdiction, on the ground that the First Amended Complaint does not adequately plead that he has standing to sue.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants move to dismiss Count I and Count II of the First Amended Complaint for all Plaintiffs, on the ground that these counts do not state a claim upon which relief can be granted.[1]

The grounds for this Motion are stated in greater detail in the enclosed Memorandum of Points and Authorities.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 3, 2023.  At the conference, which occurred by telephone, Plaintiffs' counsel Caleb Kruckenberg indicated that Plaintiffs would oppose this Motion.

---

[1] The filing of a motion to dismiss, even one challenging only some claims, suspends the time to answer the entire complaint. *See Morton v. Twitter, Inc.*, No. CV 20-10434-GW-JEMX, 2021 WL 1181753, at *2 (C.D. Cal. Feb. 19, 2021); 5B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1346 (3d ed. 2015).

1

Dated: February 13, 2023       Respectfully submitted,

2

3                                  BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

4                                  BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

5

6                                */s/ Jeremy S.B. Newman*

7                                JEREMY S.B. NEWMAN (D.C. #1024112)
KATHRYN L. WYER (Utah #9846)

8                                U.S. Department of Justice, Civil Division

9                                1100 L Street, N.W.
Washington, DC  20005

10                              Tel. (202) 532-3114/Fax (202) 616-8470

11                              jeremy.s.newman@usdoj.gov

12                              *Attorneys for the Defendants*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................1

BACKGROUND .........................................................................................3

I.   STATUTORY BACKGROUND ...........................................................3

II.  REGULATORY BACKGROUND .........................................................4

III. PROCEDURAL BACKGROUND .........................................................5

   A.  Plaintiffs' Allegations and Claims.............................................5

   B.  Procedural History....................................................................6

LEGAL STANDARD ..................................................................................8

ARGUMENT .............................................................................................9

I.   DOE #1 HAS NOT PLAUSIBLY ALLEGED HE HAS STANDING..........9

II.  COUNT I FAILS TO STATE A CLAIM...............................................11

III. COUNT II FAILS TO STATE A CLAIM..............................................15

CONCLUSION..........................................................................................21

ii

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................8

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
    467 U.S. 837 (1984)................................................................16

*Copeland v. Dep't of Alcoholic Beverage Control*,
    241 Cal. App. 2d 186, 50 Cal. Rptr. 452 (Ct. App. 1966)..............19

*Danser v. Pub. Employees' Ret. Sys.*,
    240 Cal. App. 4th 885 (2015).....................................................19

*Deutsche Bank Nat'l Trust Co. v. Comm. Land Title Ins. Co.*,
    No. CV 17-01361-AB, 2017 WL 7101148 (C.D. Cal. Nov. 7, 2017) ................8

*Gundy v. United States*,
    139 S. Ct. 2116 (2019) ...............................................3, 13, 14, 15

*Humes v. Sac. Co. DHHS*,
    No. 2:18-cv-0004, 2019 WL 338223 (E.D. Cal. Jan. 28, 2019) .......................18

*In re Nat'l Sec. Agency Telecomms. Recs. Litig.*,
    671 F.3d 881 (9th Cir. 2011).....................................................12

*In re Paoli*,
    49 F. Supp. 128 (N.D. Cal. 1943)...............................................19

*In re Phillips*,
    17 Cal. 2d 55, 109 P.2d 344 (1941).............................................19

*J.W. Hampton, Jr., & Co. v. United States*,
    276 U.S. 394 (1928)...........................................................2, 11

*Jennings v. Mukasey*,
    511 F.3d 894 (9th Cir. 2007)....................................................18

*Kercheval v. United States*,
274 U.S. 220 (1927)................................................................20

*Loving v. United States*,
517 U.S. 748 (1996)................................................................15

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)..................................................................9

*Mendoza-Linares v. Garland*,
51 F.4th 1146 (9th Cir. 2022).................................................12

*Meyer v. Bd. of Med. Examiners*,
34 Cal. 2d 62, 206 P.2d 1085 (1949)......................................19

*Mistretta v. United States*,
488 U.S. 361 (1989)...........................................................11, 12

*Muto v. Sega Amusements Int'l Ltd.*,
No. CV 21-1161-JGB, 2022 WL 2467060 (C.D. Cal. June 2, 2022),
*appeal filed*, No. 22-55841 (9th Cir. Sept. 14, 2022) ......................8

*Nichols v. United States*,
578 U.S. 104 (2016)..................................................................3

*Nunez-Reyes v. Holder*,
646 F.3d 684 (9th Cir. 2011)..............................................11-12

*People v. E.B.*,
51 Cal. App. 5th 47 (2020)......................................................20

*People v. Frawley*,
82 Cal. App. 4th 784, 98 Cal. Rptr. 2d 555 (2000).................18

*People v. Gross*,
238 Cal. App. 4th 1313 (2015) ...............................................19

*People v. Vasquez*,
25 Cal. 4th 1225 (2001)...........................................................19

*Singer v. United States*,
323 U.S. 338 (1945)................................................................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iv

*Standen v. Whitley,*
   994 F.2d 1417 (9th Cir. 1993) ...................................................................20

*UMG Recordings, Inc. v. Shelter Cap. Partners, LLC,*
   718 F.3d 1006 (9th Cir. 2013) ....................................................................8

*United States v. Bridges,*
   741 F.3d 464 (4th Cir. 2014)......................................................................16

*United States v. Eaton,*
   144 U.S. 677 (1892)....................................................................................14

*United States v. Hayden,*
   255 F.3d 768 (9th Cir. 2001)......................................................................19

*United States v. Mattix,*
   694 F.3d 1082 (9th Cir. 2012) .....................................................................4

*United States v. Melgar-Diaz,*
   2 F.4th 1263 (9th Cir. 2021).......................................................................14

*United States v. Mingo,*
   964 F.3d 134 (2d Cir. 2020)........................................................................15

*United States v. Motamedi,*
   No. 20-10364, 2022 WL 101951 n.1 (9th Cir. Jan. 11, 2022).........................11

*United States v. Segura,*
   747 F.3d 323 (5th Cir. 2014).......................................................................10

*United States v. Tang,*
   718 F.3d 476 (5th Cir. 2013).......................................................................10

*Wash. State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler,*
   537 U.S. 371 (2003)....................................................................................13

*Whitman v. Am. Trucking Ass'ns,*
   531 U.S. 457 (2001)....................................................................................12

**Statutes**

5 U.S.C. § 706(2)(B)........................................................................................6

5 U.S.C. § 706(2)(C)........................................................................6

18 U.S.C. § 2250..................................................................6, 7, 10

18 U.S.C. § 2250(a).....................................................................3, 15

18 U.S.C. § 2250(c)(1).....................................................................3

34 U.S.C. § 20901.....................................................................2, 12

34 U.S.C. § 20911(1)......................................................2, 16, 17, 19

34 U.S.C. § 20911(2)........................................................................9

34 U.S.C. § 20911(3)........................................................................9

34 U.S.C. § 20911(4)........................................................................9

34 U.S.C. § 20911(5)......................................................................10

34 U.S.C. § 20911(7)......................................................................10

34 U.S.C. § 20912..........................................................................12

34 U.S.C. § 20912(b)................................................................1, 3, 4

34 U.S.C. § 20913(a)......................................................................14

34 U.S.C. § 20914...................................................................12, 13

34 U.S.C. § 20914(a)................................................................12, 15

34 U.S.C. § 20914(a)(7).....................................................4, 5, 13, 15

34 U.S.C. § 20914(a)(8).....................................................4, 5, 13, 15

34 U.S.C. § 20914(c).........................................................4, 5, 14, 15

34 U.S.C. § 20916............................................................................4

34 U.S.C. § 20919..........................................................................14

Cal. Penal Code § 243.4(a)...........................................................5, 9

Cal. Penal Code § 290(c)(1)...........................................................18

Cal. Penal Code § 290(g)(1)...........................................................................5

Cal. Penal Code § 290.007...........................................................................18

Cal. Penal Code § 1203.4............................................................. *passim*

Cal. Penal Code § 4852.01...........................................................................6

Pub. L. No. 103-322, 108 Stat. 1796 (Sept. 13, 1994) ...........................3

Pub. L. No. 109-248, 120 Stat. 587 (July 27, 2006) ...............................3

Pub. L. No. 110-400, 122 Stat. 4224 (Oct. 13, 2008) ............................3

Pub. L. No. 114-119, 130 Stat. 23 (Feb. 8, 2016)...................................3

**Rules**

Fed. R. Civ. P. 12(b)(1) ......................................................................... 1, 8

Fed. R. Civ. P. 12(b)(6) ...............................................................................8

**Regulations**

28 C.F.R. § 72.6 ...........................................................................................5

28 C.F.R. § 72.6(a)(2) ...............................................................................13

28 C.F.R. § 72.6(f)......................................................................................13

28 C.F.R. § 72.7 ...........................................................................................5

73 Fed. Reg. 38,030 (July 2, 2008)............................................4, 16, 17, 20, 21

76 Fed. Reg. 1630 (Jan. 11, 2011)..............................................................4

85 Fed. Reg. 49,332 (Aug. 13, 2020).........................................................5

86 Fed. Reg. 69,856 (Dec. 8, 2021) .............................................. 1, 4, 5, 17

**Other Authorities**

U.S. Sent'g Guidelines Manual § 5D.1.2....................................................10

1

# INTRODUCTION

In ruling on Plaintiffs' Motion for Preliminary Injunction, the Court granted Plaintiffs' requested relief in part, placing conditions on prosecutions of California residents under the Sex Offender Registration and Notification Act ("SORNA"). At the same time, however, the Court squarely rejected Plaintiffs' arguments concerning two of their four claims, holding that SORNA's delegations of authority to the Attorney General comported with the governing "intelligible principle" test and concluding that Plaintiffs' argument that the Attorney General misinterpreted the term "convicted" in SORNA cut against the weight of authority. The Court also noted that it would likely find that one of the four individual Plaintiffs, Doe #1, lacked standing based on a failure to plausibly allege that he was subject to SORNA's requirements. Consistent with those rulings, the Court should dismiss Plaintiffs' nondelegation and statutory interpretation claims (Counts I and II) for failure to state a claim and should dismiss Doe #1's claims for lack of subject-matter jurisdiction.

The Attorney General promulgated the rule at issue in this case, 86 Fed. Reg. 69,856 (Dec. 8, 2021) ("Rule"), setting forth federal registration requirements for sex offenders, pursuant to congressionally granted authority to "issue guidelines and regulations to interpret and implement" SORNA, 34 U.S.C. § 20912(b). Plaintiffs, individuals who have committed sex offenses and an organization representing sex offenders, assert four claims in this case challenging the Rule. As set forth below, the Court should dismiss two of Plaintiffs' claims for failure to state a claim and should dismiss Doe #1's claims for lack of standing.

As an initial matter, if Doe #1's allegations are true, then his obligation to register under SORNA expired no later than 2021. He therefore has not pleaded a basis for standing to sue and his claims should be dismissed under Fed. R. Civ. P. 12(b)(1).

The Court should also dismiss two of Plaintiffs' claims — Count I and Count II — for failure to state a claim upon with relief can be granted.[2] As the Court recognized, Plaintiffs' claim in Count I that the Rule exercises power unconstitutionally delegated by Congress fails because Congress set forth intelligible principles to guide the Attorney General's actions. PI Order 39. The Attorney General's exercise of authority is guided by SORNA's statement of purpose to "to protect the public from sex offenders and offenders against children" by "establish[ing] a comprehensive national system for the registration of those offenders[.]" 34 U.S.C. § 20901. In addition, SORNA's express requirements provide contextual guidance to the Attorney General with respect to the specific delegations challenged by Plaintiffs. SORNA easily passes the "intelligible principle" test, *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928), which this Court has held governs claims under the nondelegation doctrine. Order Granting Pls.' Mot. for Prelim. Inj. 39, ECF No. 55 ("PI Order").

In Count II, Plaintiffs wrongly claim that the Attorney General has misinterpreted SORNA to conclude that sex offenders who have received state law relief under Cal. Penal Code § 1203.4 must register under SORNA. Section 1203.4 provides limited relief from certain collateral consequences of a conviction, but it does not relieve an offender of the obligation to serve a criminal sentence in the first instance, and it leaves many legal consequences of a conviction in place. A sex offender who receives § 1203.4 relief still "was convicted of a sex offense." 34 U.S.C. § 20911(1). The Attorney General reasonably interpreted SORNA in concluding that § 1203.4 relief does not eliminate a past conviction for purposes of SORNA.

---

[2] In light of the Court's discussion of Counts III and IV in its ruling on Plaintiffs' motion for preliminary injunction, Defendants do not address those counts in this motion. As to those claims, Defendants intend to seek summary judgment after production of and based on an administrative record.

Counts I and II lack merit as a matter of law, and the Court should dismiss them now.

## BACKGROUND

## I.   STATUTORY BACKGROUND

As set forth in prior filings in this matter, *see* Defs.' Mem. In Opp'n to Pls.' Mot. for Prelim. Inj. 2-4, ECF No. 50, states have long had in place "registry and community-notification laws" in order "to monitor the whereabouts of individuals previously convicted of sex crimes." *Nichols v. United States*, 578 U.S. 104, 106 (2016). Federal sex offender registration requirements have also existed in some form since 1994, including the Jacob Wetterling Crimes Against Children Registration Act ("Wetterling Act"), Pub. L. No. 103-322, § 170101, 108 Stat. 1796 (Sept. 13, 1994); SORNA (part of the Adam Walsh Child Protection and Safety Act, Pub. L. No. 109-248, §§ 102-155, 120 Stat. 587 (July 27, 2006)); the Keeping the Internet Devoid of Sexual Predators Act ("KIDS Act"), Pub. L. No. 110-400, 122 Stat. 4224 (Oct. 13, 2008); and International Megan's Law, Pub. L. No. 114-119, 130 Stat. 23 (Feb. 8, 2016).

Through these laws, Congress has (a) "conditioned certain federal funds on States' adoption of [sex offender] registration laws meeting prescribed minimum standards," *Gundy v. United States*, 139 S. Ct. 2116, 2121 (2019), and (b) established federal penalties for noncompliance with federal sex offender registration obligations. As pertinent here, SORNA imposed certain registration obligations on sex offenders and established criminal sanctions for a sex offender who, under circumstances supporting federal jurisdiction, "knowingly fails to register or update a registration" as required by SORNA. *See* 18 U.S.C. § 2250(a). The same provision establishes an affirmative defense where "uncontrollable circumstances prevented the individual from complying" with registration requirements. *Id.* § 2250(c)(1). SORNA also directs the Attorney General to "issue guidelines and regulations to interpret and implement" its provisions, 34 U.S.C. § 20912(b), and further authorizes

3

the Attorney General to identify additional required information, *id.* § 20914(a)(7), (8), as well as time and manner requirements for reporting and updating information, *id.* § 20914(c). Pursuant to this authority, the Attorney General issued the final rule challenged by Plaintiffs in this action. *See* 86 Fed. Reg. at 69,856. Finally, the KIDS Act directed the Attorney General to require sex offenders to report to their jurisdiction's registry "those Internet identifiers the sex offender uses or will use of any type that the Attorney General determines to be appropriate." *See* 34 U.S.C. § 20916(a). Congress further directed that the Attorney General prohibit jurisdictions from including registrants' internet identifiers on public registry websites. *Id.* § 20916(c).

## II.    REGULATORY BACKGROUND

Pursuant to SORNA, 34 U.S.C. § 20912(b), the Attorney General first issued guidelines for registration jurisdictions in 2008. National Guidelines for Sex Offender Registration and Notification ("2008 Guidelines"), 73 Fed. Reg. 38,030 (July 2, 2008). Promulgated through notice-and-comment rulemaking, the 2008 Guidelines went into effect on August 1, 2008, and have the force of law with respect to federal registration requirements. *United States v. Mattix*, 694 F.3d 1082, 1084 (9th Cir. 2012). The Attorney General issued supplemental guidelines, also following notice-and-comment rulemaking, in 2011. Supplemental Guidelines for Sex Offender Registration and Notification ("2011 Supplemental Guidelines"), 76 Fed. Reg. 1630 (Jan. 11, 2011).

These Guidelines delineated SORNA's registration requirements for implementing jurisdictions. Addressing the term "sex offender," the 2008 Guidelines explained that "SORNA registration requirements are predicated on convictions," and that registration is no longer required "if the predicate conviction is reversed, vacated or set aside, or if the person is pardoned for the offense on the ground of innocence." 73 Fed. Reg. at 38,050. However, changes, whatever they are

called, that do not "relieve a conviction of substantive effect," or that preserve "penal consequences," do not "negate the SORNA requirements." *Id.*

The Rule that Plaintiffs challenge here was issued in 2021, following notice-and-comment rulemaking, and went into effect on January 7, 2022. Proposed Rule, 85 Fed. Reg. 49,332 (Aug. 13, 2020); Rule, 86 Fed. Reg. at 69,856. The Rule does not supersede or amend SORNA's statutory provisions, nor the 2008 or 2011 Guidelines. *See id.* Rather, "[m]any of the requirements it articulates reflect express SORNA requirements," and it "embodies the same policies as those appearing in the previously issued . . . guidelines," in a "concise and comprehensive" form. *Id.* at 69,856-57. In addition to repeating express statutory requirements, the Rule incorporates limited past exercises of the Attorney General's authority under § 20914(a)(7), (a)(8) and (c) by requiring dates of birth, information about places an offender stays for seven or more days, information about passports and immigration documents, and professional licenses, 28 C.F.R. § 72.6; and by setting forth certain additional time and manner specifications, *id.* § 72.7.

## III.    PROCEDURAL BACKGROUND

### A. Plaintiffs' Allegations and Claims

Plaintiffs are four individuals who have been convicted of sex offenses and an organization representing sex offenders. *See* First Am. Compl. ¶¶ 1-53, ECF No. 41 ("FAC"). Plaintiff Doe #1 alleges that he was convicted in 1996 of a misdemeanor count of sexual battery under Cal. Penal Code § 243.4(a), based on an encounter with a 16-year-old girl, and was sentenced to probation. *Id.* ¶¶ 3-4. He alleges that in 2006, he pled no contest to a misdemeanor count of failing to register as a sex offender under Cal. Penal Code § 290(g)(1), but that he has no other criminal convictions. *Id.* ¶¶ 9, 16. He further alleges that in 2002 and 2010, he received relief pursuant to Cal. Penal Code § 1203.4 with respect to his sexual battery and failure to register convictions, respectively, which he refers to as "expunge[ment]." *Id.*

1  ¶¶ 13-14. In 2012, he allegedly received a Certificate of Rehabilitation pursuant to
2  Cal. Penal Code § 4852.01, from a California state court. *Id.* ¶ 15.

3       In Count I, Plaintiffs bring a claim under the Administrative Procedure Act
4  (APA), 5 U.S.C. § 706(2)(B), that the Rule is "contrary to constitutional right,"
5  because the Attorney General purportedly unlawfully exercised power delegated by
6  Congress in violation of the nondelegation doctrine. *See id.* ¶¶ 110-122. In Count II,
7  Plaintiffs bring a claim under the APA, 5 U.S.C. § 706(2)(C), that the Rule is "in
8  excess of statutory jurisdiction [or] authority." *Id.* ¶ 124. Plaintiffs claim that the
9  Rule conflicts with SORNA's statutory text insofar as it requires sex offenders to
10  register after they have received relief from their sex offense convictions pursuant
11  to Cal. Penal Code § 1203.4. *Id.* ¶¶ 125-134.[3]

12  **B. Procedural History**

13       Plaintiff Doe #1 (then referred to as Doe) and ACSOL filed their Complaint
14  on May 24, 2022, and sought a preliminary injunction.  ECF Nos. 2, 13. On
15  September 28, 2022, the Court denied Plaintiffs' motion for lack of standing, but
16  granted leave to amend. Order Denying Pls.' Mot. for Prelim. Inj., ECF No. 40. The
17  Court held that Doe #1 failed to plead standing because "[b]ased on the allegations
18  as they are currently plead [sic], Mr. Doe does not appear to be required to register
19  under SORNA. As such, he does not demonstrate that he is subject to the Rule." *Id.*
20  at 7. Plaintiffs then filed the now-operative First Amended Complaint. *See* FAC.
21  Plaintiffs also filed a second Motion for Preliminary Injunction. Notice of Mot. and
22  Mot. for Prelim. Inj., ECF No. 44.

23  ───────────────
24  [3] Count III and Count IV are not at issue in this Motion. In Count III, Plaintiffs claim
25  that the Rule violates Plaintiffs' constitutional right to due process insofar as it
     recognizes impossibility of compliance as an affirmative defense to criminal liability
26  under 18 U.S.C. § 2250, rather than making the possibility of compliance an element
27  of the crime on which the government bears the burden of proof. FAC ¶¶ 135-149.
     In Count IV, Plaintiffs claim that the Rule's requirement that sex offenders disclose
28  certain internet identifiers to law enforcement violates the First Amendment. *Id.*
     ¶¶ 150-155.

In its ruling on Plaintiffs' second preliminary injunction motion, the Court held that Plaintiffs had shown they were likely to succeed on just one of their four claims, their claim in Count III that the allocation of burden of proof for SORNA's affirmative defense violated due process. *See* PI Order 31, 53. But the Court held that Plaintiffs "have not demonstrated a likelihood of success" on Count I or Count II. *Id.* at 53; *see also id.* at 37-48. For Count I, the Court found that Plaintiffs were "unlikely to succeed on the merits of their nondelegation claim," *id.* at 42, finding that "there is an 'intelligible principle' guiding the Attorney General's discretion," *id.* at 40, and reasoning that Supreme Court case law "largely decides the question before the Court," *id.* For Count II, the Court concluded that "the weight of statutory and precedential authority cuts against the interpretation [of SORNA] Plaintiffs seek," *id.* at 43, so "the Court cannot conclude that the Attorney General erred in his interpretation," *id.* at 48.[4]

The Court found that Does #2-4 and ACSOL had standing, that those Plaintiffs had shown a likelihood of irreparable harm absent an injunction, and that the balancing of the equities favored injunctive relief. *Id.* at 16-21, 49-51. The Court issued injunctive relief that, in the Court's view, was "tailored closely to Plaintiffs' due process claim," *id.* at 53, the single claim on which the Court found that Plaintiffs had shown likelihood of success on the merits. The Court enjoined the federal government from prosecuting any California resident under 18 U.S.C. § 2250 without obtaining from state authorities a certification that the individual was required to register under California law and, in a prosecution concerning a failure to provide specific information, a certification that California law allows the individual to furnish that information. *Id.* at 55. The Court stated that it did not need to decide whether Doe #1 had standing to resolve the preliminary injunction motion

---

[4] Regarding Count IV, the Court found "that Plaintiffs raise a substantial question," but "the Court [was] unable to conclude that Plaintiffs demonstrate a likelihood of success on the merits." PI Order at 36-37.

in light of its conclusion that the other Plaintiffs had standing, but the Court noted that it "would likely find that Mr. Doe #1 again fails to demonstrate standing." *Id.* at 17 n.1.

## **LEGAL STANDARD**

"A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction, without which a federal district court cannot adjudicate the case before it." *Muto v. Sega Amusements Int'l Ltd.*, No. CV 21-1161-JGB, 2022 WL 2467060, at *2 (C.D. Cal. June 2, 2022) (Bernal, J.), *appeal filed*, No. 22-55841 (9th Cir. Sept. 14, 2022). "In a facial attack[]" on the court's subject matter jurisdiction, such as this one, "the moving party asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. When evaluating a facial attack, the court must accept the factual allegations in the plaintiff's complaint as true." *Id.* "However, the plaintiff bears the burden of alleging facts that are legally sufficient to invoke the court's jurisdiction." *Id.* "Courts do not accept the truthfulness of any legal conclusions contained in the complaint when assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1)." *Deutsche Bank Nat'l Trust Co. v. Comm. Land Title Ins. Co.*, No. CV 17-01361-AB, 2017 WL 7101148, at *2 (C.D. Cal. Nov. 7, 2017).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where a complaint fails "to state a claim upon which relief can be granted." Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Cap. Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citation omitted). To survive a motion under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>ARGUMENT</u>**

## I. DOE #1 HAS NOT PLAUSIBLY ALLEGED HE HAS STANDING

Plaintiff Doe #1 lacks standing to challenge the Rule. A plaintiff's obligation to demonstrate standing "is an essential and unchanging" prerequisite to a federal court's jurisdiction to consider the plaintiff's claims. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Thus, to establish standing for their claims here, Doe #1 must plead factual allegations that, if true, would show he has suffered an injury in fact, fairly traceable to the Rule, and redressable by a favorable ruling. *Id.* at 560-61.

As the Court has already suggested, PI Order at 17 n.1, Doe #1's factual allegations fall short because if his allegations are true, then his obligation to register under SORNA has expired. SORNA determines the duration of the registration requirement for a sex offense by assigning sex offenders to tiers — tier I, tier II, or tier III — based on the nature and severity of their sex offenses. *See* 34 U.S.C. § 20911(2)-(4). The registration period is 15 years for a tier I sex offender, 25 years for a tier II sex offender, and life for a tier III sex offender. *Id.* § 20915(a). Doe #1 alleges that in 1996, he was convicted and sentenced to probation for a misdemeanor sex offense of sexual battery under Cal. Penal Code § 243.4(a), based on an encounter with a 16-year-old girl. FAC ¶¶ 3-4. Such an offense by a first-time sex offender does not qualify an offender as a tier III sex offender, and Plaintiffs do not contend otherwise. *See* 34 U.S.C. § 20911(4). Therefore, Doe #1's registration period for this offense ended no later than 2021.[5]

The First Amended Complaint asserts that Doe #1 may still need to register under SORNA because his later conviction for failure to register may itself have been a sex offense that started a new period of registration under SORNA. FAC

---

[5] In prior rulings, the Court has sought to infer whether Doe #1 is a tier I or tier II sex offender. *See* Order Denying Pls.' Mot. for Prelim. Inj. 7, ECF No. 40; PI Order at 16. For present purposes, the Court need not decide which tier is applicable because either way, as alleged, Doe #1's registration obligation would have terminated.

9

¶¶ 21-22. However, failure to register as a sex offender does not fall within any category of SORNA's statutory definition of "sex offense" and therefore is not a "sex offense" under SORNA. *See* 34 U.S.C. § 20911(5), (7). Plaintiffs cite *United States v. Tang*, 718 F.3d 476 (5th Cir. 2013), which stated in a footnote in dicta that the defendant's "failure to register qualifies as a sex offense." *Id.* at 483 n.3. That footnote is inapposite. Its statement that failure to register qualifies as a sex offense relied on its interpretation of a prior version of a comment to § 5.D.1.2 of the U.S. Sentencing Guidelines, which set forth a definition of "sex offense" specific to that Guideline provision (and different from SORNA's statutory definition of "sex offense"). The Fifth Circuit later recognized *Tang*'s footnote as non-binding dictum and rejected its interpretation of § 5.D.1.2. *See United States v. Segura*, 747 F.3d 323, 329 (5th Cir. 2014) ("hold[ing] that footnote 3 in *Tang* is dictum and does not bind the court," and "hold[ing] that failure to register does not qualify as a sex offense for the purposes of § 5D1.2(b)(2)"). After *Tang* and *Segura*, the Sentencing Commission revised the commentary to § 5.D.1.2 to expressly state that the term "sex offense" "does not include an offense under 18 U.S.C. § 2250 (Failure to register)." U.S. Sent'g Guidelines Manual § 5D.1.2 cmt. n.1. The Sentencing Guidelines and *Tang*'s dictum offer no support for Plaintiffs' interpretation of SORNA. Therefore, consistent with the Court's observation, Doe #1 cannot establish standing based on his conviction for failure to register. PI Order 17 n.1

Because Doe #1 fails to plead facts that would show that he is currently required to register under SORNA, he therefore lacks standing to challenge the Rule.[6]

---

[6] As a collateral matter, Plaintiffs have contended that Defendants, by virtue of addressing arguments concerning Doe #1's alleged registration status, should be "estopped from making a contrary argument in future proceedings." Am. Reply in Supp. of Mot. for Prelim. Inj. 1 n.1, ECF No. 51. The question of estoppel, and the general question of what effect a hypothetical future court would give to these proceedings, are not before the Court. Nevertheless, Defendants have not taken a position on Doe #1's registration obligations as a matter of fact. On the contrary,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   COUNT I FAILS TO STATE A CLAIM

In its ruling on Plaintiffs' preliminary injunction motion, the Court concluded that Plaintiffs were unlikely to succeed on the merits of Count I, their nondelegation claim. The Court reasoned that it was bound by the Supreme Court's intelligible principle test, which requires rejection of nondelegation challenges where an intelligible principle sufficient to guide an agency's rulemaking discretion is discernible in a statute. PI Order at 39-40. The Court then recognized that SORNA sets forth such an intelligible principle, and indeed, that "[t]he *Gundy* plurality's analysis" of SORNA "largely decides the question before the Court." *Id.*

The Court's reasoning, which was based purely on its textual analysis of SORNA and application of Supreme Court precedent, was correct and warrants dismissal of Count I. Plaintiffs' claim that the Rule exercises unconstitutionally delegated authority fails because SORNA "lay[s] down . . . an intelligible principle" to guide the Attorney General's discretion. *J.W. Hampton*, 276 U.S. at 409; *cf. Mistretta v. United States*, 488 U.S. 361, 372 (1989) (recognizing "Congress simply cannot do its job absent an ability to delegate power under broad general directives").

Although Plaintiffs have questioned the applicability of the intelligible principle test based on various concurring and dissenting opinions by certain Supreme Court Justices, the Court correctly concluded "that it is bound to apply the 'intelligible principle' test unless and until the Supreme Court teaches otherwise." PI Order 39; *see United States v. Motamedi*, No. 20-10364, 2022 WL 101951, at *1 n.1 (9th Cir. Jan. 11, 2022) ("'We are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court,' and the intelligible principle test remains the standard for determining whether the delegation of legislative power is constitutional.") (quoting *Nunez-Reyes v. Holder*, 646 F.3d 684, 692 (9th Cir.

---

Defendants have addressed circumstances that would apply *if Doe #1's factual allegations are true. See* Defs.' Mem. in Opp'n to Pls.' Mot. for Prelim. Inj. 7 n.1, ECF No. 50 ("*based on Plaintiffs' allegations*, his SORNA registration period has expired.") (emphasis added).

Defendants' Memorandum in Support of Partial Motion to Dismiss First Amended Complaint
Case No. 5:22-cv-855-JGB-SP

2011)); *see also Mendoza-Linares v. Garland*, 51 F.4th 1146, 1167 n.11 (9th Cir. 2022) (applying intelligible principle standard).

Applying the intelligible principle test, the Court correctly rejected Plaintiffs' argument that 34 U.S.C. §§ 20912 and 20914 unlawfully delegate legislative authority to the Attorney General because "there is an 'intelligible principle' guiding the Attorney General's discretion" in implementing those provisions. PI Order 40. Following the *Gundy* plurality's analysis of the same statutory language, the Court first looked to SORNA's statutory statement of purpose to "protect the public from sex offenders and offenders against children," by "establish[ing] a comprehensive national system for the registration of those offenders[,]" 34 U.S.C. § 20901. The Court concluded that this "broad principle of protecting the public from sex offenders" provides the overarching intelligible principle that guides all exercises of the Attorney General's authority in this area. PI Order 40. As the Court found, this is "the kind of 'broad general directive[],' that the Supreme Court has routinely blessed[.]" *Id.* at 41 (quoting *Mistretta*, 488 U.S. at 372); *see also In re Nat'l Sec. Agency Telecomms. Recs. Litig.*, 671 F.3d 881, 896 (9th Cir. 2011) (noting that the Supreme Court has upheld delegations to agencies to take actions "generally fair and equitable," in the "public interest," or "requisite to protect the public health") (quoting *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 474-76 (2001)). "That intelligible principle guides the Attorney General's broad discretion under 34 U.S.C. § 20912 to 'issue guidelines and regulations' to interpret and implement SORNA." PI Order 41.

Having recognized that "binding precedent requires upholding even" the broad delegation in 34 U.S.C. § 20912, the Court further concluded that "the narrower delegations codified at 34 U.S.C. § 20914 easily survive." PI Order 41. The Court's correct analysis again warrants dismissal of Plaintiffs' contrary claims. Section 20914(a) requires sex offenders to provide to registries information including name; Social Security number; residence, employment, school, and

vehicle information; international travel information, including dates and carrier and "any other itinerary or other travel-related information required by the Attorney General," 34 U.S.C. § 20914(a)(7); and "[a]ny other information required by the Attorney General," *id.* § 20914(a)(8). Plaintiffs have argued that (a)(7) and (a)(8) "do not include any qualification on 'information required by the Attorney General[.]'" Mem. of Law and Points of Authority in Support of Mot. for Prelim. Inj. 11, ECF 44-1 ("PI Mem."). Their claim is plainly wrong as to § 20914(a)(7), which by its own terms is limited to "itinerary or other travel-related information." 34 U.S.C. § 20914(a)(7). Indeed, the Court found Plaintiffs' challenge to § 20914(a)(7) "curious," explaining that "[i]f that delegation is unconstitutional, then most of Government is unconstitutional[.]" PI Order 41 (quoting *Gundy*, 139 S. Ct. at 2130).

Nor are Plaintiffs correct as to § 20914(a)(8). The plurality in *Gundy* emphasized that, in applying the nondelegation doctrine, "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme," rather than "in a vacuum." *Gundy*, 139 S. Ct. at 2126 (plurality). And "where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371, 372 (2003). As the Court has explained, "properly read in context, [§ 20914(a)(8)] only confers authority on the Attorney General to make registration effective and protect public safety by requiring information relating to offenders' identities, locations, and primary activities." PI Order 41.[7]

---

[7] In fact, the Attorney General has exercised his authority under 34 U.S.C. § 20914(a)(7) and (a)(8) to require information that is similar to the information explicitly required by statute and relevant to identifying and locating sex offenders. *See*, *e.g.*, 28 C.F.R. § 72.6(a)(2) (requiring reporting of date of birth); *id.* § 72.6(f)

As for 34 U.S.C. § 20914(c), that delegation to the Attorney General to identify time and manner requirements for registration is so narrow that "'Congress need not provide any direction to the Executive." *Melgar-Diaz*, 2 F.4th at 1267 (upholding statute allowing immigration officers to "designate[]" the "time or place" for lawful entry into the United States). Notably, the statute sets forth the basic time and manner specifications, identifying where, when, and how initial registration must take place, 34 U.S.C. § 20913(a), (b), 34 U.S.C. § 20919; when and how major changes must be reported, *id.* § 20913(c); and how and how often information must be updated and verified, *id.* § 20918. Congress could permissibly grant the Attorney General "narrow, interstitial . . . authority[]" to fill in the remaining details. *Melgar-Diaz*, 2 F.4th at 1267.

A proper understanding of the SORNA provisions that Plaintiffs attack thus belies Plaintiffs' assertion that they are the type of "unchecked" delegations that the *Gundy* plurality suggested could present a nondelegation concern. *See Gundy*, 139 S. Ct. at 2123 (plurality); PI Mem. 11. Rather, like the provision upheld in *Gundy*, these provisions are narrow conferrals of authority, guided by intelligible principles.

Plaintiffs have argued, citing *United States v. Eaton*, 144 U.S. 677 (1892), that agencies cannot impose criminal penalties without "sufficient statutory authority." PI Mem. 10. But the Court correctly rejected this argument, explaining:

> the Supreme Court has permitted this very practice [of regulations that enforce statutes carrying criminal penalties] in modern times, finding that *Eaton* "turned on its special facts" and emphasizing that it did not "state a fixed principle that a regulation can never be a 'law' for purposes of criminal prosecutions." *Singer v. United States*, 323 U.S. 338, 345 (1945). The modern rule is that courts will uphold "delegations whereby the Executive or an independent agency defines by regulation what conduct will be criminal, so long as Congress makes the violation of regulations a criminal offense and fixes the punishment, and the regulations 'confin[e] themselves within the field covered by the

(requiring reporting of information about where offender's vehicle is habitually kept).

14

statute.'" *Loving v. United States*, 517 U.S. 748, 768 (1996) (citation omitted). PI Order 42.

Here, Congress itself identified "knowing[] fail[ure] to register or update a registration as required by [SORNA]" as a crime chargeable against sex offenders subject to federal jurisdiction. 18 U.S.C. § 2250(a). Courts have repeatedly rejected nondelegation challenges to the imposition of criminal liability under this provision, including cases where the predicate offense involved a violation of the Attorney General's rules. *See Gundy*, 139 S. Ct. at 2122-23 (rejecting nondelegation challenge to Attorney General's determination in a final rule that SORNA's registration requirements applied to pre-Act offenders); *United States v. Mingo*, 964 F.3d 134, 137-39 (2d Cir. 2020) (rejecting nondelegation challenge based on Congress's delegation to Secretary of Defense "which particular military offenses should qualify as a 'sex offense'" under SORNA). Moreover, in regard to the specific provisions Plaintiffs challenge here, Congress expressly stated that sex offenders "shall provide . . . information required by the Attorney General," 34 U.S.C. § 20914(a), (a)(7), (a)(8), and "shall provide and update information . . . in conformity with any time and manner requirements prescribed by the Attorney General," *id.* § 20914(c). A violation of SORNA's requirement to comply with the Attorney General's directions within these narrow contours thus falls within the offense defined by § 2250(a).

The Court's prior analysis of the purely legal questions raised by Plaintiffs' nondelegation claim is dispositive. As the Court correctly concluded, the Rule was enacted pursuant to statutory conferrals of authority that satisfy the intelligible principle test. Accordingly, Count I should be dismissed for failure to state a claim upon which relief can be granted.

## III.   COUNT II FAILS TO STATE A CLAIM

The Court's legal analysis of Count II is likewise correct and warrants dismissal of that claim. In Count II, Plaintiffs assert that the Rule adopts an improper

15

interpretation of the term "convicted" in SORNA's definition of "sex offender," 34 U.S.C. § 20911(1), by failing to exclude individuals like Doe #1 and #2, who have received relief under Cal. Penal Code § 1203.4.[8] But the Court rejected that notion in its PI ruling, correctly concluding that "the weight of statutory and precedential authority cuts against the interpretation Plaintiffs seek." PI Order 43. Indeed, the Court reviewed SORNA's statutory text and Supreme Court case law construing that text, the implications under California law of an individual obtaining relief under § 1203.4, and California appellate courts' discussion of that provision, and determined that none of these authorities warranted a conclusion that the Attorney General's interpretation of SORNA was erroneous. *See id.* at 43-48.[9]

SORNA defines "sex offender" to mean "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). The Attorney General has interpreted this provision to mean that offenders may be relieved of registration requirements "if the

---

[8] In Count II of the FAC, as in Count II of the original Complaint, Plaintiffs appear to contend that the Rule changed the Attorney General's prior interpretation of the term "convicted" because the preamble of the Rule responded to a comment that only referenced the removal of SORNA's requirements due to pardons, rather than repeating the full language of the 2008 Guidelines, which also recognized that an individual is not deemed to be a "sex offender" if his conviction has been "reversed, vacated, or set aside," 73 Fed. Reg. at 38,050. *Compare* Compl. ¶¶ 86-88, *with* FAC ¶¶ 127-29. However, given that the Rule gave no indication it was changing prior interpretations, and instead simply responded to the substance of the comment that it received, Plaintiffs properly abandoned this contention in their second motion for preliminary injunction. *See* PI Mem. 20-21. Instead, the focus of their argument appeared to be that relief under § 1203.4 should be recognized as falling under the category of convictions that were "set aside" or "vacated," thus eliminating the requirement to register under SORNA. Regardless of which approach Plaintiffs take to Count II, the Attorney General's interpretation remains as stated in the 2008 Guidelines and should be upheld.

[9] The Attorney General's interpretation of SORNA is the best reading of the statute, so no deference is necessary to sustain it, but courts grant deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to the Attorney General's construction of SORNA. *See, e.g.*, *United States v. Bridges*, 741 F.3d 464, 468-69 (4th Cir. 2014).

---

16

predicate conviction is reversed, vacated, or set aside[]" — but not if the conviction continues to have "substantive effect" or "if the sex offender remains subject to penal consequences based on the conviction, however it may be styled." 73 Fed. Reg. at 38,050; *see also id.* ("the need to require registration would not be avoided by a jurisdiction's having a procedure under which . . . the convictions of such sex offenders may nominally be 'vacated' or 'set aside,' but the sex offender is nevertheless required to serve what amounts to a criminal sentence for the offense").[10] The Attorney General has sensibly determined that if, despite some form of postconviction relief, an offender remains subject to negative legal consequences from his conviction, then the fact of the past conviction still has legal significance under SORNA. In other words, the person was convicted. 34 U.S.C. § 20911(1).

Plaintiffs' claim in Count II focuses on the application of SORNA to offenders who have obtained relief under § 1203.4, a California law that sets forth a procedure under which offenders who were sentenced to probation but not incarceration may obtain limited relief from certain collateral consequences of their conviction after they complete their probation. *See* Cal. Penal Code § 1203.4. Plaintiffs claim that where a sex offender receives § 1203.4 relief for a sex offense, that conviction should no longer trigger registration obligations under SORNA because, in their view, such relief means they are no longer "convicted" within the meaning of SORNA. But the Court correctly concluded that "the weight of statutory and precedential authority cuts against the interpretation Plaintiffs seek." PI Order 43. Because § 1203.4 relief is limited and leaves in place many consequences of a conviction, it does not eliminate the fact of a past conviction for SORNA purposes. When offenders receive § 1203.4 relief, they are

> permitted by the court to withdraw their plea of guilty or plea of nolo

---

[10] This interpretation appears in the 2008 Guidelines, not the Rule. The Rule's regulatory text does not address the meaning of "was convicted" under SORNA. The Rule's preamble cites to the above passage from the 2008 Guidelines. 86 Fed. Reg. at 69,866.

contendere and enter a plea of not guilty; or, if they have been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted, except as provided in Section 13555 of the Vehicle Code.

*Id.*

Plaintiffs have mischaracterized § 1203.4 relief as "expungement" that "withdraws" and "set[s] aside" convictions, such that convictions subject to that relief "no longer exist." PI Mem. 22; *see also* FAC ¶¶ 13-14, 29, 37 (referring to convictions subject to § 1203.4 relief as "expunged"). But as the Court recognized, "the statute, . . . is far more limited than Plaintiffs allow." PI Order 44. Both federal and California courts have held that "Section 1203.4 does not, properly speaking, 'expunge' the prior conviction. . . . The limitations on this relief are numerous and substantial." *Jennings v. Mukasey*, 511 F.3d 894, 898-99 (9th Cir. 2007) (quoting *People v. Frawley*, 82 Cal. App. 4th 784, 791, 98 Cal. Rptr. 2d 555, 559 (2000)).

Some limitations on § 1203.4 relief appear explicitly in the statute or other statutes, while others have been recognized by California courts and federal courts. Despite § 1203.4 relief, a prior conviction can be used as an enhancement or predicate "in any subsequent prosecution." Cal. Penal Code § 1203.4(a)(1). Notably, sex offenders who receive § 1203.4 relief still must register as sex offenders under California law, absent additional, separate relief. Cal. Penal Code § 290.007; *Humes v. Sac. Co. DHHS*, No. 2:18-cv-0004, 2019 WL 338223, at *3 (E.D. Cal. Jan. 28, 2019).[11] California thus considers an offender who has received § 1203.4 relief to be someone who "has been . . . convicted" of a sex offense. Cal. Penal Code § 290(c)(1). In addition, § 1203.4 relief does not restore rights to drive

---

[11] After receiving § 1203.4 relief, Doe #1 and Doe #2 were required to register under California law until, years after their § 1203.4 relief, they received a certificate of rehabilitation. FAC ¶¶ 15-16, 29.

a vehicle, Cal. Penal Code § 1203.4(a)(1); possess a firearm, *id.* § 1203.4(a)(2); or hold public office, *id.* § 1203.4(a)(3), if such rights were impaired by the conviction.

Courts have recognized many other limitations on § 1203.4 relief. A conviction subject to § 1203.4 relief qualifies as relevant criminal history when calculating sentences under the Federal Sentencing Guidelines, *United States v. Hayden*, 255 F.3d 768, 772 (9th Cir. 2001); can justify revoking a medical, legal, or liquor license, *Meyer v. Bd. of Med. Examiners*, 34 Cal. 2d 62, 66-67, 206 P.2d 1085, 1088 (1949) (medical license); *In re Phillips*, 17 Cal. 2d 55, 60-61, 109 P.2d 344, 347-48 (1941) (legal license); *Copeland v. Dep't of Alcoholic Beverage Control*, 241 Cal. App. 2d 186, 188-89, 50 Cal. Rptr. 452 (Ct. App. 1966) (liquor license); and can be considered in citizenship determinations, *In re Paoli*, 49 F. Supp. 128, 131 (N.D. Cal. 1943). A conviction subject to § 1203.4 relief can also be used to justify committing someone as a sexually violent predator, *People v. Vasquez*, 25 Cal. 4th 1225, 1233 (2001), can make a state employee ineligible for benefits from the state employee pension system, *Danser v. Pub. Employees' Ret. Sys.*, 240 Cal. App. 4th 885, 894-95 (2015), and does not eliminate an offender's obligation to pay restitution to victims, *People v. Gross*, 238 Cal. App. 4th 1313, 1320-21 (2015). The Court recognized the many limitations of § 1203.4 relief, *see* PI Order 44-47, and relied on many of these cases in concluding that "Plaintiffs' argument is . . . undermined by a body of California case law construing Penal Code § 1203.4." *Id.* at 47.

The numerous consequences unchanged by § 1203.4 confirm that § 1203.4 relief "has been so qualified in its application" that it does not "obliterate the record of conviction against a defendant and purge him of the guilt inherent therein," nor "place the defendant in the position which he would have occupied . . . if no accusation or information had ever been presented against him." *Meyer*, 34 Cal. 2d at 67 (citations and quotations omitted). An offender who receives § 1203.4 relief still "was convicted" of the sex offense. 34 U.S.C. § 20911(1).

That § 1203.4 relief operates by allowing withdrawal of a guilty plea and entry

of a not guilty plea does not change the analysis. In its preliminary injunction ruling, the Court rejected an analogy Plaintiffs attempted to draw between § 1203.4 and cases holding that once withdrawn, a guilty plea is annulled and has no legal effect. *See Kercheval v. United States*, 274 U.S. 220, 223-24 (1927); *Standen v. Whitley*, 994 F.2d 1417, 1422 (9th Cir. 1993). As the Court concluded, "[t]he legal principles set forth in the cases Plaintiffs cite are correct; the problem for Plaintiffs is that they do not compel the result they seek." PI Order 46. Although it is true that a court has authority to vacate guilty pleas, "it does not follow from these principles that Cal. Penal Code § 1203.4 relief means that the 'convictions no longer exist,' as Plaintiffs claim." *Id.* "As far as Plaintiffs' argument that Section 1203.4 relief is 'equivalent to the vacation of a conviction,' the courts that addressed the claim most directly have rejected it." *Id.* at 47 (quoting *People v. E.B.*, 51 Cal. App. 5th 47, 58 (2020)); *see also E.B.*, 51 Cal. App. 5th at 58 ("the plain language of the statute, as well as numerous cases construing that statute, make clear that the nature of the relief available under section 1203.4 does not vacate or void a conviction").

In contrast to a situation in which a court vacates a guilty plea before trial, offenders who withdraw a guilty plea through § 1203.4 never disputed their guilt, completed a criminal sentence, and then obtained limited (but not complete) relief from collateral consequences of conviction through a special statutory procedure. Notably, § 1203.4 relief is only available after offenders serve their sentence. *See* Cal. Penal Code § 1203.4(a)(1); *see also* PI Mem. Ex. A ¶¶ 5-6, 12, ECF No. 44-2 (Doe #1 obtained § 1203.4 relief after probation); PI Mem. Ex. B ¶¶ 4-5, 9, ECF No. 44-3 (same for Doe #2). Under § 1203.4, "the sex offender is nevertheless required to serve what amounts to a criminal sentence for the offense." 73 Fed. Reg. at 38,050.

After analyzing Plaintiffs' statutory interpretation arguments, the Court stated that "the Court cannot conclude that the Attorney General erred in his interpretation" of SORNA that under some state laws, "'convictions of such sex offenders may nominally be "vacated" or "set aside," but the sex offender is nevertheless required

20

to serve what amounts to a criminal sentence for the offense,'" and agreed with Defendants that § 1203.4 fell into this category. PI Order 48 (quoting 73 Fed. Reg. at 38,050). Accordingly, the Court "d[id] not find that Plaintiffs are likely to succeed on the merits of their statutory claim." PI Order 48 (quoting 73 Fed. Reg. at 38,050). The Court correctly concluded that "the weight of statutory and precedential authority cuts against the interpretation Plaintiffs seek." *Id.* at 43. Count II presents pure legal questions of statutory interpretation that the Court can resolve on the pleadings. Section 1203.4 relief does not relieve a sex offender of the obligation to register under SORNA. The Court should dismiss Count II.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff Doe #1's claims for lack of subject-matter jurisdiction. The Court should also dismiss Counts I and II of the First Amended Complaint for failure to state a claim.

Dated: February 13, 2023     Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
JEREMY S.B. NEWMAN (D.C. #1024112)
KATHRYN L. WYER (Utah #9846)
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC  20005
Tel. (202) 532-3114/Fax (202) 616-8470
jeremy.s.newman@usdoj.gov
*Attorneys for the Defendants*

22