JEREMY TALCOTT
CA Bar No. 311490
Pacific Legal Foundation
1212 West Amerige Avenue
Fullerton, CA 92833-2709
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
JTalcott@pacificlegal.org

STEVEN M. SIMPSON
CA Bar No. 336430
CALEB KRUCKENBERG*
VA Bar No. 97609
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 610
Arlington, VA 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747
SSimpson@pacificlegal.org
CKruckenberg@pacificlegal.org

* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE #1, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Case No. 5:22-cv-00855<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: December 11, 2023<br>Time: 11:00 AM<br>Location: Courtroom 1<br>3470 Twelfth Street<br>Riverside, California 92501<br><br>BEFORE: HON. JESUS G. BERNAL |

1

Under Federal Rule of Civil Procedure 26(f), the Parties submit the following Joint Rule 26(f) Report, after the conference of counsel held on November 20, 2023.

**a. Statement of the Case**

Plaintiffs are four individuals and one organization that have challenged the validity of an administrative rule issued by Defendants, *Registration Requirements Under the Sex Offender Registration and Notification Act*, 86 Fed. Reg. 69,856 (Dec. 8, 2021), as well as the constitutional validity of the underlying delegation of administrative authority set out in 34 U.S.C. § 20912 and 20914. As set forth in Plaintiffs' First Amended Complaint, Plaintiffs have argued that the rule is an invalid exercise of legislative power, was issued in excess of statutory authority, and is contrary to constitutional rights set out in the Due Process Clause and the First Amendment. In particular, as discussed in previous filings, Plaintiffs contend that the rule, which sets binding rules concerning registration requirements for those convicted of certain sex offenses, is an invalid exercise of legislative authority that was improperly delegated to the Attorney General, improperly purports to apply to those who have no obligation under state law to register, improperly shifts the burden of proof onto a criminal defendant when federally prosecuted for failing to register as a sex offender to prove that it was impossible for him to register as required by Defendants' rule, and unconstitutionally infringes on anonymous speech protected by the First Amendment.

Defendants contend that Plaintiffs' claims fail as a matter of law. Plaintiffs' effort to overturn the rule as an improper exercise of unlawfully delegated legislative power fails because SORNA does not violate the nondelegation doctrine; rather, SORNA sets forth intelligible principles to guide the Attorney General's discretion in exercising his statutory authority. Moreover, Plaintiffs fail to identify any provision of the rule that resulted from any alleged unconstitutional delegation. In regard to Plaintiffs' claim that the rule exceeds the Attorney General's statutory authority with respect to what constitutes a conviction under SORNA, any challenge

2

on this issue is waived because Plaintiffs did not raise it during the rulemaking process. Moreover, any such challenge fails on the merits because the 2021 rule does not expand the meaning of conviction as used in SORNA. Plaintiffs fail to establish standing to assert their First Amendment challenge to the rule's requirement that sex offenders disclose remote communication identifiers, and in any event, that requirement does not violate the First Amendment because the requirement is narrowly tailored to advance the government's legitimate interest in protecting the public from sex offenders. The fact that the rule reiterates SORNA's affirmative defense of impossibility, and does not make the affirmative defense an element of the criminal offense at issue, does not violate the Due Process Clause. Defendants typically bear the burden to prove affirmative defenses in criminal cases, and Plaintiffs cannot establish that the burden must be placed on the government here.

### b. Subject Matter Jurisdiction

This Court has federal question jurisdiction to decide Plaintiffs' challenge to Defendants' final rule pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331. This Court also has inherent equitable jurisdiction to decide federal constitutional issues. *See Sierra Club v. Trump*, 929 F.3d 670, 694 (9th Cir. 2019). This Court has the authority to grant relief pursuant to 28 U.S.C. §§ 2201, 2202 and 5 U.S.C. §§ 705, 706(2). Plaintiffs contend that such relief may appropriately include injunctive and declaratory relief.

In Defendants' view, the scope of any relief should be tailored to apply as narrowly as possible, and Defendants should be granted the opportunity to address the scope of appropriate relief, if any, in light of the Court's decision on the merits. Defendants also contend that Plaintiffs have the burden of proving their standing, which is a requirement for the Court's subject-matter jurisdiction. Defendants intend to take jurisdictional discovery to assess Plaintiffs' standing.

**c. Legal Issues**

**Plaintiffs' position:**

This case presents pure questions of law concerning the validity of the challenged rule and the underlying statutory delegations of authority. As has been briefed extensively, and as this Court has previously considered, Plaintiffs argue that the rule is invalid as the product of a Congressional attempt to improperly grant the Attorney General the power to write federal criminal laws. Additionally, Plaintiffs argue that the rule is unlawful because it adopts a definition of "conviction" at odds with statutory text, imposes an unconstitutional presumption of criminal liability, and improperly restricts protected speech.

The facts underlying these legal challenges are likely undisputed and subject only to limited record development. As a challenge to agency rulemaking, most of the relevant facts will be set out in the Administrative Record. *See Lands Council v. Powell*, 395 F.3d 1019, 1029–30 (9th Cir. 2005) (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985)) ("[T]he Supreme Court has expressed a general rule that courts reviewing an agency decision are limited to the administrative record."). The Parties intend to conduct limited jurisdictional discovery concerning the facts alleged by the individual plaintiffs as it relates to their standing to challenge the rule. As discussed below, Plaintiffs dispute the scope of the Administrative Record as described by Defendants below. *See id.* (discussing "exceptions" to the rule limiting review to the administrative record produced by the agency).

**Defendants' position:**

Plaintiffs raise four challenges to a final rule promulgated by the Department of Justice. Aside from the merits of Plaintiffs' claims, preliminary legal issues include whether Plaintiffs have established standing and whether Plaintiffs' claim in Count II, asserting that the final rule has adopted a definition of "conviction" in excess of statutory authority, is waived because no commenter raised this issue

during the rulemaking process. *See, e.g.*, *Vermont Yankee Nuclear Power Corp. v. NRDC,* 435 U.S. 519, 553–54 (1978) (plaintiff cannot seek to have an agency determination vacated on grounds that it failed to raise before the agency); *Nat'l Wildlife Fed'n v. EPA,* 286 F.3d 554, 562 (D.C. Cir. 2002) ("It is well established that issues not raised in comments before the agency are waived and this Court will not consider them."); *Appalachian Power Co. v. EPA*, 251 F.3d 1026, 1036 (D.C. Cir. 2001) ("It is black-letter administrative law that '[a]bsent special circumstances, a party must initially present its comments to the agency during the rulemaking in order for the court to consider the issue.'").

In response to Plaintiffs' position that additional material, including administrative records for prior rulemakings, should be included in the administrative record for the 2021 rule, Defendants contend that no exception applies that would allow supplementation of the administrative record.

**D. Parties, Evidence, etc.**

Plaintiffs are John Doe #1, John Doe #2, John Doe #3, John Doe #4, and the Alliance for Constitutional Sex Offense Laws (ACSOL). Pursuant to this Court's Order, John Does #1-4 are individuals proceeding pseudonymously. Their identities as individuals who have previously been convicted of certain offenses and potentially subject to the challenged rule have been provided to Defendants. ACSOL is a non-profit membership organization "dedicated to protecting the Constitution by restoring the civil rights of people listed on the public registries and their families." https://all4consolaws.org/about-us/. ACSOL is based in California and has more than 100,000 California registrants among its membership, including John Doe #1, John Doe #2, John Doe #3, and John Doe #4, the other plaintiffs in this matter. ACSOL's membership includes individuals convicted of sex offenses who reside in the Central District of California. ACSOL has no parent or subsidiary organizations.

Defendants are the U.S. Department of Justice, a federal agency, and Merrick

B. Garland, in his official capacity as Attorney General of the United States.

This matter will likely be decided on the Administrative Record produced by Defendants, relevant expert materials (if any), and jurisdictional facts established by the named plaintiffs. Defendants may offer additional judicially-noticeable material in connection with the established legal analysis for Plaintiffs' First Amendment claim, which the Court has held is subject to intermediate scrutiny. Order of Jan. 13, 2023, at 31-32.

**e. Damages**

Plaintiffs seek only declaratory, injunctive, and equitable relief and do not seek damages from Defendants.

**f. Insurance**

There are no relevant insurance policies at issue.

**g. Motions**

Plaintiffs filed their complaint on May 24, 2022 (ECF 1). Plaintiffs filed an Amended Complaint on October 11, 2022, and a renewed motion for a preliminary injunction on October 19, 2022. (ECF 41, 44). On January 13, 2023, this Court granted the preliminary injunction in part and denied the injunction in part. (ECF 55). Defendants thereafter filed a partial motion to dismiss the Amended Complaint (ECF 56), which this Court denied on July 5, 2023 (ECF 76).

No other motions are currently pending in this matter.

The parties do not anticipate any motions seeking to add other parties or claims, file amended pleadings, or transfer venue. The parties anticipate filings cross-motions for summary judgment.

**h. Manual for Complex Litigation**

The Parties do not believe the Manual for Complex Litigation is relevant to this proceeding.

**i. Status of Discovery**

Plaintiffs have provided Defendants with the true identities of Doe #1, 2, 3 and 4. The parties have discussed the issue of how to exchange information regarding the individual plaintiffs' criminal history. Defendants have indicated they intend to serve jurisdictional discovery on Plaintiffs.

Defendants are compiling the Administrative Record.

**j. Discovery Plan**

As discussed above, because of the nature of Plaintiffs' claims, the parties do not anticipate engaging in fact discovery other than the jurisdictional discovery addressed below.

**1. Jurisdictional Discovery**

Defendants intend to serve discovery, including interrogatories, requests for production, and requests for admission on each of the plaintiffs, and to take their depositions, in order to seek information relevant to Plaintiffs' standing. The parties propose the following schedule for jurisdictional discovery:

January 15, 2024 deadline to serve initial interrogatories, requests for production, and requests for admission;

February 15, 2024 deadline for plaintiffs' responses to initial written discovery; and

Depositions will be noticed after written discovery. The parties will discuss and seek to reach agreement regarding the timing of depositions before they are noticed.

**2. The Administrative Record**

Defendants anticipate that they will be able to lodge the administrative

record for the 2021 rule on or before January 15, 2023. The parties agree that any motion to supplement or contest the sufficiency of the administrative record must be filed within 30 days of its lodging. Any disputes regarding the sufficiency of the administrative record should be resolved before summary judgment briefing begins.

**k. Discovery Cut-off**

The parties propose that Defendants' anticipated jurisdictional discovery be completed by May 1, 2024.

**l. Expert Discovery**

Defendants object to the introduction of expert testimony to the extent it is used in an effort to supplement the Administrative Record. To the extent expert discovery occurs, the parties propose that any expert materials be exchanged by February 15, 2024, with rebuttal materials exchanged by April 15, 2024.

**m. Dispositive Motions**

The Parties concur that this matter presents purely legal issues and/or matters that can be decided based on the administrative record and therefore should be decided by cross-motions for summary judgment. The Parties will submit a proposed schedule for summary judgment briefing within 14 days of the close of discovery. The Parties anticipate that they will stipulate to an expansion of applicable page limits for such briefing.

**n. Settlement/Alternative Dispute Resolution**

Because of the nature of the challenge and the requested relief, the Parties do not believe that further settlement discussions would be beneficial.

**o. Trial Estimate**

The parties do not believe a trial is necessary.

**p. Trial Counsel**

Plaintiffs are represented by Caleb Kruckenberg, as lead counsel, Jeremy Talcott as local counsel, and Steven M. Simpson.

Defendants are represented by Jeremy Newman and Kathryn Wyer as co-lead counsel.

**q. Independent Expert or Master**

Plaintiffs believe that resolution of some or all of the issues involved in this matter may benefit from the appointment of an independent expert. This Court is the ultimate judge of law concerning the issues presented. However, consistent with this Court's prior guidance concerning the administrative record under consideration and the continuing penal consequences of certain convictions under California law, Plaintiffs encourage the Court to consider appointing an appropriate independent expert on the operation of California state law. *See* ECF No. 76 at 19 n.7.

Defendants do not believe an independent expert or master is warranted in this case. The subject matter at issue does not involve complex scientific or technical information. Any adjudication of the merits of Plaintiffs' APA challenges to the 2021 rule must be based on the administrative record before the agency. 5 U.S.C. § 706; *Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 384 F.3d 1163, 1170 (9th Cir. 2004) ("A reviewing court must review the administrative record before the agency at the time the agency made its decision.").

**r. Timetable**

The Parties proposed timetable is appended as Exhibit A.

**s. Other Issues**

In the Court's Order of July 5, 2023, the Court did not order the parties to produce a particular evidentiary record but suggested that Defendants should produce the administrative record for the 2008 Guidelines as well as the administrative record for the 2021 rule challenged in Plaintiffs' Amended Complaint and that the parties seek to provide the Court "with a definitive accounting of every legal consequence of obtaining relief through [Cal. Penal Code §] 1203.4 and a Certificate of Rehabilitation, and the limitations thereof." Order of July 5, 2023, at 19 n.7. Defendants have concluded that the administrative record for the 2021 rule cannot properly include the administrative records for prior rules because those records were not considered by the agency when promulgating the 2021 rule. 5 U.S.C. § 706; *Nat'l Wildlife Fed'n*, 384 F.3d at 1170 ("A reviewing court must review the administrative record before the agency at the time the agency made its decision.").

Similarly, having reviewed the comments submitted and considered in connection with the 2021 rule, Defendants have concluded that no comment raised any issue regarding whether California residents who receive relief under § 1203.4 or a Certificate of Rehabilitation qualify as "convicted" within the meaning of SORNA. Defendants therefore intend to take the position that Plaintiffs' claim seeking to challenge the 2021 rule on that basis is waived. *Nat'l Wildlife Fed'n,* 286 F.3d at 562 (D.C. Cir. 2002) ("It is well established that issues not raised in comments before the agency are waived and this Court will not consider them."); <u>Appalachian Power Co.</u>, 251 F.3d at 1036 ("It is black-letter administrative law that '[a]bsent special circumstances, a party must initially present its comments to the agency during the rulemaking in order for the court to consider the issue.'").

Plaintiffs intend to contest the sufficiency of the administrative record and contend that the Administrative Records concerning two prior regulatory actions, *Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering and Tracking, National Guidelines*, 73 Fed. Reg. 38,030, 38,050 (July 2, 2008) and *Supplemental Guidelines for Sex Offender Registration and Notification*, 76 Fed.

Reg. 1630 (Jan. 11, 2011), should be presented to the Court. Plaintiffs assert that the Administrative Record must contain relevant materials that were considered in promulgating the two prior guidelines, as each was incorporated by reference into the rule at issue in this case. *See Lands Council*, 395 F.3d at 1030 ("In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.") (citation omitted).

Plaintiffs also dispute Defendants' assertion that no comment or comments in any relevant Administrative Record properly presented all of the claims at issue in this case.

DATED: November 27, 2023

Respectfully submitted,

JEREMY TALCOTT
By s/ *Jeremy Talcott*
    JEREMY TALCOTT

STEVEN M. SIMPSON
By s/ *Steven M. Simpson*
    STEVEN M. SIMPSON

CALEB KRUCKENBERG*
By s/ *Caleb Kruckenberg*
    CALEB KRUCKENBERG*

**Admitted Pro Hac Vice*
 *Attorneys for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

By */s/ Kathryn L. Wyer*\*
JEREMY S.B. NEWMAN (D.C. #1024112)
KATHRYN L. WYER (Utah #9846)
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC  20005
Tel. (202) 616-8475/Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for the Defendants*

\*All signatories listed, other than the filer, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.